**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 9, 2013

LETTER TO COUNSEL:

      RE: *Gerald Francis James v. Commissioner, Social Security Administration*;
            Civil No. SAG-12-1268

Dear Counsel:

      On April 26, 2012, the Plaintiff, Gerald Francis James, petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income.  (ECF No. 1).  I have considered the parties' cross-motions for summary judgment, and Mr. James's reply.  (ECF Nos. 16, 17, 18).  I find that no hearing is necessary.  Local Rule 105.6 (D. Md. 2011).  This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards.  42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds).  I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion.  This letter explains my rationale.

      Mr. James filed his claims on March 9, 2006, alleging disability beginning on January 17, 2006.  (Tr. 379-91).  His claims were denied initially on June 22, 2006 and on reconsideration on February 13, 2007.  (Tr. 258-66, 268-71).  The first Administrative Law Judge ("ALJ") assigned to the case held two hearings and wrote two opinions denying benefits.  (Tr. 96-140, 145-87, 196-216, 224-43).  The Appeals Council remanded both opinions for further adjudication.  (Tr. 217-20, 251-54).  A different ALJ held a third hearing on February 24, 2011 (Tr. 33-90).  Following the hearing, on March 14, 2011, the ALJ issued a partially favorable decision finding that Mr. James became disabled on July 31, 2008, but determining that he was not disabled prior to that date.  (Tr. 14-32).  The Appeals Council denied Mr. James's request for review (Tr. 1-6), so the March 14, 2011 ALJ decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Mr. James suffered from the severe impairments of "lumbar degenerative disc disease with radiculopathy, bilateral shoulder osteoarthritis and impingement status post right rotator cuff repair, diabetes, depression, bipolar disorder, and generalized anxiety disorder."  (Tr. 17).  Despite these impairments, the ALJ determined that, prior to July 31, 2008, Mr. James retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), lifting up to 20 pounds occasionally and ten pounds frequently, except that he could sit for only 30 minutes and stand for only 30 minutes consistently on an alternate basis

> five days a week, eight hours a day; he could do no overhead reaching and was mildly limited in his ability to push and pull with his right upper extremity; he could do no prolonged stooping, balancing, or kneeling meaning no more than once or twice an hour; and he needed to avoid heights and hazardous machinery. The claimant was further limited to simple, routine, SVP 2 jobs with one or two steps, requiring low memory and low concentration and not much reading, writing, communication, no decision making, no changes in the work setting, no use of judgment, and no production rate jobs.

(Tr. 18). After considering the testimony of a vocational expert ("VE"), the ALJ determined that, prior to July 31, 2008, Mr. James could perform jobs that existed in significant numbers in the national economy, and that he was therefore not disabled during that relevant time frame. (Tr. 23-24).

Mr. James contends that his disability in fact began prior to July 31, 2008, which is significant because in order to qualify for Disability Insurance Benefits, Mr. James had to establish disability on or before December 31, 2007. (Tr. 25). Mr. James presents five primary arguments on appeal: (1) that the ALJ failed to abide by the directions of the Appeals Council on remand; (2) that the ALJ failed to consider Listing 1.04; (3) that the ALJ did not appropriately consider Listing 12.05; (4) that the RFC was not based on substantial evidence; and (5) that the ALJ failed to consider specific evidence of mental impairment prior to July 31, 2008. Because I agree that the ALJ's analysis is deficient, I will remand the case for further consideration as described below.

Initially, it is worth noting that not all of Mr. James's arguments are persuasive. I find that the ALJ did abide by the somewhat cryptic directive of the Appeals Council to "[o]btain additional evidence concerning the claimant's impairments in order to complete the administrative record." (Tr. 253). The Appeals Council provided no specific guidance regarding what evidence it believed to be missing. As the Commissioner notes, significant evidence was added to the file following the second remand. (Tr. 789-1155). The fact that the ALJ did not believe that the new evidence proved disability prior to July 31, 2008 does not establish any express failure to abide by the Appeals Council's directive.

Mr. James's argument regarding Listing 12.05 (Mental Retardation) is equally unpersuasive. The ALJ's decision demonstrates a complete review of Mr. James's school records, hearing testimony, employment history, and medical records. (Tr. 17-18). The ALJ cited substantial evidence in support of his determination that Mr. James failed to meet the Listing, including (1) Mr. James's history of participation in regular education courses; (2) Mr. James's past relevant work in a semi-skilled construction job and his "long, consistent work history;" and (3) "his ability to use community resources and his self direction." (Tr. 18). Mr. James's contention regarding that Listing therefore fails.

Finally, Mr. James suggests that the ALJ failed to consider mental health records from

*Gerald Francis James v. Commissioner, Social Security Administration*
Civil No. SAG-12-1268
April 9, 2013
Page 3


Three Lower Counties Community Services. Pl. Mot. 46-48. While the ALJ certainly did not provide a detailed analysis of those records, the ALJ cites to the exhibit containing the Three Lower Counties records while stating, "treatment records starting in 2006 do not document sufficient mental status abnormalities which would have precluded unskilled work." (Tr. 21). I cannot therefore find that the ALJ ignored or failed to consider the records.

However, several of Mr. James's other arguments warrant remand. First, the ALJ failed to consider Listing 1.04A. The evidence cited in Mr. James's motion is sufficient to trigger the ALJ's duty of explanation as to his finding that the requirements of Listing 1.04A were not met. Pl. Mot. 38-42. In fact, the two prior ALJ opinions in Mr. James's case at least demonstrate consideration of the musculoskeletal listings, but also provide insufficient information for me to review the analysis. (Tr. 204, 233). The case will be remanded for explanation as to whether or not the medical evidence establishes all of the criteria of Listing 1.04A.

Second, the ALJ has not provided sufficient explanation of his selection of July 31, 2008 as the appropriate onset date. The only medical opinion bearing that date is the opinion of primary care physician Dr. Folashade. (Tr. 732-34). The ALJ assigns that opinion "great weight." (Tr. 23). It is clear, however, both from the text of the opinion and the accompanying medical records, that Dr. Folashade's July 31, 2008 opinion does not evidence a change in Mr. James's circumstances on that precise date. In fact, the accompanying medical report, also dated July 31, 2008, expressly states that "patient is not experiencing any new medical issues at this time." (Tr. 735). Particularly given the proximity between Mr. James's date last insured of December 31, 2007 and the current onset date of July 31, 2008, the ALJ had to provide sufficient explanation to permit review of his chosen onset date. Because no such sufficient explanation was provided, remand on this issue is also warranted. In so holding, I express no opinion on whether the ALJ's ultimate determination that Mr. James was not disabled prior to July 31, 2008 was correct or incorrect.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 16) and Defendant's motion for summary judgment (ECF No. 17) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge